**DURIE TANGRI LLP**
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
KENNETH A. GALLO (*pro hac vice*)
kgallo@paulweiss.com
2001 K. Street,. NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

ERIC ALAN STONE (*pro hac vice*)
estone@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for GENENTECH, INC. and CITY OF HOPE

*COUNSEL CONTINUED ON NEXT PAGE*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GENENTECH, INC. and CITY OF HOPE,<br><br>Plaintiffs,<br><br>v.<br><br>GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC.,<br><br>Defendants. | Case No. 11-CV-03065 MRP (JEMx)<br><br>~~[PROPOSED]~~ STIPULATED PROECTIVE ORDER<br><br>Judge: Hon. Mariana R. Pfaelzer<br>Ctrm: 12 |

| | | |
|---|---|---|
| 1 | HUMAN GENOME SCIENCES, INC., | |
| 2 | Plaintiff, | Case No. 11-CV-06519 MRP (JEMx) |
| 3 | v. | |
| 4 | GENENTECH, INC. and CITY OF HOPE, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | HUMAN GENOME SCIENCES, INC., | |
| 8 | Plaintiff, | Case No. 11-CV-06594 MRP (JEMx) |
| 9 | v. | |
| 10 | GENENTECH, INC., and CITY OF HOPE, | |
| 11 | | |
| 12 | Defendants. | |

13  SIMPSON THACHER & BARTLETT LLP
14  HENRY B. GUTMAN (*pro hac vice*)
    hgutman@stblaw.com
15  NOAH M. LEIBOWITZ (*pro hac vice*)
16  nleibowitz@stblaw.com
    425 Lexington Avenue
17  New York, NY 10017-3954
    Telephone: (212) 455-2000
18  Facsimile: (212) 455-2502

19  HARRISON J. FRAHN IV (#206844)
    hfrahn@stblaw.com
20  2550 Hanover Street
    Palo Alto, CA 94303
21  Telephone: (650) 251-5000
    Facsimile: (650) 251-5002
22
23  Attorneys for HUMAN GENOME
    SCIENCES, INC.
24
25
26
27
28

MAYER BROWN LLP
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Attorneys for GLAXO GROUP
LIMITED and
GLAXOSMITHKLINE LLC

1         The Court recognizes that at least some of the documents and
2   information ("materials") being sought through discovery in the above-captioned
3   actions ("Actions") are not publicly available and, for competitive reasons,
4   normally kept confidential by the parties.  The parties have agreed to be bound by
5   the terms of this Protective Order ("Order") in these actions.
6         The materials to be exchanged throughout the course of the litigation
7   between the parties may contain trade secret or other confidential research,
8   technical, cost, price, marketing or other commercial information, as is contemplated
9   by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to
10  protect the confidentiality of such materials as much as practical during the
11  litigation.  THEREFORE:

## DEFINITIONS

12  
13    1.    The term "Confidential Information" shall mean and include
14  information contained or disclosed in any materials, including documents, portions
15  of documents, answers to interrogatories, responses to requests for admissions,
16  deposition testimony, and transcripts of depositions, including data, summaries, and
17  compilations derived therefrom that is deemed to be Confidential or Highly
18  Confidential by any party or non-party to which it belongs.  For the avoidance of
19  doubt, the Confidential and Highly Confidential information of a non-party
20  produced in these Actions shall be afforded the same degree of protection from
21  disclosure as the Confidential and Highly Confidential information of the parties to
22  these Actions.  Each party or non-party shall act in good faith, showing good cause,
23  in designating such information as Confidential or Highly Confidential.
24    2.    The term "materials" shall include, but shall not be limited to:
25  documents; correspondence; memoranda; bulletins; blueprints; protocols; data
26  compilations; patent applications; specifications; customer lists or other materials
27  that identify customers or potential customers; price lists or schedules or other
28  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

1   contracts; invoices; drafts; books of account; worksheets; notes of conversations;

2   desk diaries; appointment books; expense accounts; recordings; photographs;

3   motion pictures; compilations from which information can be obtained and

4   translated into reasonably usable form through detection devices; sketches;

5   drawings; notes (including laboratory notebooks and records); reports; instructions;

6   disclosures; other writings; presentations; business practices; models and prototypes

7   and other physical objects.

8       3.      The term "counsel" shall mean outside counsel of record, and other

9   attorneys, paralegals, secretaries, and other support staff employed by the law firms

10  identified below or other persons hired or used by these firms for purpose of the

11  preparation and trial of these Actions, such as discovery vendors, mock jurors, and

12  trial and jury consultants:

13          Paul, Weiss, Rifkind, Wharton & Garrison LLP and Durie Tangri LLP,

14  counsel for Genentech, Inc. and City of Hope;

15          Mayer Brown LLP, counsel for GlaxoSmithKline LLC and Glaxo

16  Group Limited; and

17          Simpson Thacher & Bartlett LLP, counsel for Human Genome

18  Sciences, Inc.

19          "Counsel" also includes in-house litigation team members as follows:

20          Gregory Schetina and an attorney to-be-designated at a later date, in-

21  house attorneys for City of Hope, and their associated paralegals, secretaries, and

22  other support staff;

23          Laura Storto, Jeffrey Butler, in-house attorneys, and up to one

24  additional in-house attorney to be identified at a later date for Genentech, Inc. and

25  their associated paralegals, secretaries, and other support staff;

26          Charles Kinzig, Mark Rachlin, in-house attorneys, and up to one

27  additional in-house attorney to be identified at a later date for

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

2

1  GlaxoSmithKline LLC and Glaxo Group Limited and their associated paralegals,

2  secretaries, and other support staff; and

3          Up to three in-house attorneys to be identified at a later date for

4  Human Genome Sciences, Inc. and their associated paralegals, secretaries, and

5  other support staff.

6          Notwithstanding the foregoing, during the pendency of these Actions

7  and for two (2) years following the exhaustion of all appeals thereof, the above-

8  identified in-house litigation team members shall not be involved in any of the

9  following activities:

10         (a)    competitive business decisions regarding the pricing or

11                 marketing of present or future anti-BLyS antibody products (this

12                 category does not include supervising litigation regarding the

13                 same); or

14         (b)    preparation, prosecution, or appeal in the prosecution of any

15                 foreign or domestic patent application related to methods of

16                 manufacturing, purifying, or formulating monoclonal antibodies

17                 (other than involvement in any reexamination, opposition, or

18                 similar post-issuance proceedings (but not a reissue examination

19                 within the first two years following any patent's issue date)

20                 concerning U.S. Patent No. 6,331,415, U.S. Patent

21                 No. 7,923,221, and their related patents and patent applications)

22                 (the "Patent Prosecution Activities").

23         To clarify the meaning of "involved" as used in this Paragraph 3, no

24 party will contend that the in-house counsel designated under this Paragraph 3 are

25 "involved" in the Patent Prosecution Activities by virtue of their having formal

26 supervisory responsibility over other in-house counsel or patent agents involved in

27 the Patent Prosecution Activities, unless the in-house counsel designated under this

28 Paragraph 3 in fact exercise that responsibility to direct the preparation or

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

3

1  prosecution of specific patent applications relating to the Patent Prosecution

2  Activities.  Furthermore, no party will contend that in-house counsel is "involved"

3  in competitive business decisions by virtue of receiving reports or attending

4  executive management meetings.

5       The parties may, as necessary, substitute on a one-for-one basis other

6  in-house litigation team members meeting the above criteria for the above-listed

7  individuals, provided that the substituting party give the other parties seven (7)

8  business days notice prior to said substitution.

9                          **GENERAL RULES**

10      4.      Each party, including non-parties, that produces or discloses any

11  materials, answers to interrogatories, responses to requests for admission, trial

12  testimony, deposition testimony, and transcripts of trial testimony and depositions,

13  or information that the producing party believes should be subject to this Protective

14  Order may designate the same as "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL."

16           a.      Designation as "CONFIDENTIAL":  Any party, including non-

17                   parties, may designate information as "CONFIDENTIAL" only

18                   if, in the good faith belief of such party or non-party and its

19                   counsel, the unrestricted disclosure of such information could be

20                   potentially harmful to the business or operations of such party.

21           b.      Designation as "HIGHLY CONFIDENTIAL":  Any party or

22                   non-party may designate information as "HIGHLY

23                   CONFIDENTIAL" only if, in the good faith belief of such party

24                   or non-party and its counsel, the information is among that

25                   considered to be most sensitive by the party, including but not

26                   limited to trade secrets or other highly sensitive research,

27                   development, financial, strategic, or other commercial

28

1    information, the unrestricted disclosure of which could be
2    potentially harmful to the business or operations of such party.

3         5.     In the event the producing party elects to produce materials for
4    inspection, no marking need be made by the producing party in advance of the
5    initial inspection.  For purposes of the initial inspection, all materials produced shall
6    be considered as "HIGHLY CONFIDENTIAL," and shall be treated as such
7    pursuant to the terms of this Order.  Thereafter, upon selection of specified
8    materials for copying by the inspecting party, the producing party shall, within a
9    reasonable time prior to producing those materials to the inspecting party, mark the
10   copies of those materials that contain Confidential Information with the appropriate
11   confidentiality marking.

12        6.     Whenever a deposition taken on behalf of any party involves a
13   disclosure of Confidential Information of any party:

14        a.     said deposition or portions thereof shall be designated as
15   containing Confidential Information subject to the provisions of
16   this Order; such designation shall be made on the record
17   whenever possible, but a party may designate portions of
18   depositions as containing Confidential Information after
19   transcription of the proceedings; a party shall have until twenty
20   (20) days after receipt of the deposition transcript to inform the
21   other party or parties to these Actions of the portions of the
22   transcript designated "CONFIDENTIAL" or "HIGHLY
23   CONFIDENTIAL;"

24        b.     the producing party shall have the right to exclude from
25   attendance at said deposition, during such time as the
26   Confidential Information is to be disclosed, any person other
27   than the deponent, counsel (including their staff and associates),
28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1       the court reporter, and the person(s) agreed upon pursuant to

2       Paragraph 8 below; and

3       c.     the originals of said deposition transcripts and all copies thereof

4       shall bear the legend "CONFIDENTIAL" or "HIGHLY

5       CONFIDENTIAL" as appropriate, and the original or any copy

6       ultimately presented to a court for filing shall not be filed unless

7       it can be accomplished under seal, identified as being subject to

8       this Order, and protected from being opened except by order of

9       this Court.

10     7.    All Confidential Information designated as "CONFIDENTIAL" or

11  "HIGHLY CONFIDENTIAL" shall not be disclosed by the receiving party to

12  anyone other than those persons designated herein and shall be handled in the

13  manner set forth below and, in any event, shall not be used for any purpose other

14  than in connection with these Actions, unless and until such designation is removed

15  either by agreement of the parties, or by order of the Court.

16     8.    Information designated "HIGHLY CONFIDENTIAL" shall be viewed

17  only by Counsel (as defined in Paragraph 3) of the receiving party, and by

18  independent experts under the conditions set forth in this Paragraph.  The right of

19  any independent expert to receive any Confidential Information shall be subject to

20  the advance approval of such expert by the producing party or by permission of the

21  Court.  The party seeking approval of an independent expert shall provide the

22  producing party with the name and curriculum vitae of the proposed independent

23  expert, and an executed copy of the form attached hereto as Exhibit A, in advance

24  of providing any Confidential Information of the producing party to the expert.

25  Any objection by the producing party to an independent expert receiving

26  Confidential Information must be made in writing within ten (10) days following

27  receipt of the identification of the proposed expert.  Confidential Information may

28  be disclosed to an independent expert if the ten (10) day period has passed and no

1  objection has been made.  The approval of independent experts shall not be

2  unreasonably withheld.

3        9.    Information designated "CONFIDENTIAL" shall be viewed only by

4  Counsel (as defined in Paragraph 3) of the receiving party, by independent experts

5  (pursuant to the terms of Paragraph 8), up to two attorneys to-be-designated at a

6  later date for Genentech, Inc., up to two attorneys to-be-designated at a later date

7  for City of Hope, William Han and Andrea Lockenour for GlaxoSmithKline and

8  Glaxo Group Limited, up to two attorneys to-be-designated at a later date for

9  Human Genome Sciences, Inc., and by the additional individuals listed below,

10 provided each such individual has read this Order in advance of disclosure and has

11 agreed in writing to be bound by its terms:

12        a.    Executives who are required to participate in policy decisions

13              with reference to these actions;

14        b.    Technical personnel of the parties with whom Counsel for the

15              parties find it necessary to consult, in the discretion of such

16              Counsel, in preparation for trial of these actions; and

17        c.    Stenographic and clerical employees associated with the

18              individuals identified above.

19        10.   With respect to material designated "CONFIDENTIAL" or "HIGHLY

20 CONFIDENTIAL" any person indicated on the face of the document to be its

21 originator, author or a recipient of a copy thereof, may be shown the same.

22        11.   A document that contains or reveals Confidential Information may be

23 copied by an independent commercial copying service, and an exhibit based upon

24 such a document may be prepared by an independent printer or illustrator.

25        12.   Confidential Information may be disclosed to official court personnel,

26 stenographic reporters, videographers and their respective assistants who are

27 engaged in such proceedings as are necessary for the preparation and trial of these

28 Actions.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

7

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 10 of 49   Page ID
#:2137
Case 2:11-cv-06594-MRP -JEM   Document 68   Filed 05/15/12   Page 10 of 22   Page ID
#:725

1        13.     All information which has been designated as "CONFIDENTIAL" or

2  "HIGHLY CONFIDENTIAL" by the producing party, and any and all

3  reproductions thereof, shall be retained in the custody of the counsel for the

4  receiving party identified in Paragraph 3, except that independent experts

5  authorized to view such information under the terms of this Order may retain

6  custody of copies such as are necessary for their participation in these Actions.

7        14.     Before any materials produced in discovery, answers to

8  interrogatories, responses to requests for admissions, deposition transcripts, or other

9  documents which are designated as Confidential Information are filed with the

10  Court for any purpose, the party seeking to file such material shall seek permission

11  of the Court to file said material under seal.  The parties will follow and abide by

12  applicable law, including relevant local rules, with respect to filing documents

13  under seal in this Court.

14        15.     Any party may reasonably request, in writing, that a party filing or

15  serving a paper in these actions, such as an expert report, dispositive motion,

16  discovery motion, or similar paper, that is marked as CONFIDENTIAL and/or

17  HIGHLY CONFIDENTIAL shall produce to the other side a redacted copy of such

18  paper, removing the Confidential Information, for use solely for the purposes of

19  these litigations.  Such redacted copy shall be provided within five (5) calendar

20  days of such request or otherwise at a date agreed upon by the parties.

21        16.     At any stage of these proceedings, any party may object to a

22  designation of specific materials as Confidential Information.  The party objecting

23  to confidentiality shall notify, in writing, counsel for the designating party of the

24  objected-to materials and the grounds for the objection.  In accordance with

25  L.R. 37-1, the parties shall meet and confer in an attempt to resolve their dispute

26  without involving the Court.  If the parties are unable to resolve their dispute on

27  their own, they may seek the Court's involvement pursuant to L.R. 37-2.  The

28  materials at issue shall be treated as Confidential Information, as designated by the

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 11 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 88   Filed 05/15/12   Page 11 of 22   Page ID
#:726
#:2138

1    designating party, until the Court has ruled on the matter or the matter has been
2    otherwise resolved.
3        17.    All Confidential Information shall be held in confidence by those
4    inspecting or receiving it, and shall be used only for purposes of these Actions.
5    Counsel for each party, and each person receiving Confidential Information shall
6    take reasonable precautions to prevent the unauthorized or inadvertent disclosure of
7    such information. If Confidential Information is disclosed to any person other than
8    a person authorized by this Order, the party responsible for the unauthorized
9    disclosure must immediately bring all pertinent facts relating to the unauthorized
10   disclosure to the attention of the other parties and, without prejudice to any rights
11   and remedies of the other parties, make every effort to prevent further disclosure by
12   the party and by the person(s) receiving the unauthorized disclosure.
13       18.    No party shall be responsible to another party for disclosure of
14   Confidential Information under this Order if the information in question is not
15   labeled or otherwise identified as such in accordance with this Order.
16       19.    If a party, through inadvertence, produces any Confidential
17   Information without labeling or marking or otherwise designating it as such in
18   accordance with this Order, the designating party may give written notice to the
19   receiving party that the document or thing produced is deemed Confidential
20   Information, and that the document or thing produced should be treated as such in
21   accordance with that designation under this Order. The receiving party must treat
22   the materials as confidential, once the designating party so notifies the receiving
23   party. If the receiving party has disclosed the materials before receiving the
24   designation, the receiving party must notify the designating party in writing of each
25   such disclosure. Counsel for the parties shall agree on a mutually acceptable
26   manner of labeling or marking the inadvertently produced materials such as
27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."
28

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 12 of 49  Page ID
Case 2:11-cv-06594-MRP -JEM  Document 68  Filed 05/15/12  Page 12 of 22  Page ID
#:727

20.    Nothing herein shall prejudice the right of any party to object to the
production of any discovery material on the grounds that the material is protected as
privileged or as attorney work product.  An inadvertent production of any document
that a producing party believes is immune from discovery pursuant to any attorney-
client privilege, attorney work product immunity or any other privilege or immunity
from production, shall not be deemed a waiver.  The producing party may give
written notice to all receiving parties that the document or information inadvertently
produced is privileged or otherwise protected.  Within ten (10) days of receipt of
such written notice, all receiving parties shall immediately comply with Federal
Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the original and all
copies of the information, making their best efforts to destroy those portions of
summaries or notes pertaining to the information identified as privileged and taking
reasonable steps to retrieve the information if the party disclosed it before being
notified except, however, that a party seeking to challenge the claim of privilege or
protection may retain a single copy of the disputed information solely for the
purpose of making that challenge.  If the Court denies the challenge, the party
making the challenge has ten (10) days from receipt of the Order denying the
challenge to comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning
or destroying the copy of the disputed information retained for the purpose of
making the challenge.  If a receiving party wishes to challenge the claim of
privilege or protection, no later than twenty (20) days from receiving the notice, it
must initiate the process to move pursuant to Local Rule 37 to present the
information, under seal, to the Court for a determination of the claim. The receiving
party shall not rely upon the fact or circumstances of the production of the
information in challenging the claim of privilege or protection.  No person or party
shall incur any liability hereunder for any disclosure or filing of inadvertently
disclosed documents when the disclosure occurred before receipt of notice of the
inadvertent disclosure.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 13 of 49  Page ID
Case 2:11-cv-06594-MRP -JEM  Document 68  Filed 05/15/12  Page 13 of 22  Page ID
#:728

21.    Nothing in this Order shall bar counsel from rendering advice to their clients with respect to these Actions and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22.    This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

23.    Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.    Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, whether from counsel or any other source, and the source of those documents and/or information are discoverable.  The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

25.    Upon final termination of these Actions, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information (regardless of its format) to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Within sixty (60) days of the termination of these Actions, the receiving party shall certify in writing to the producing party that all confidential information, regardless of format or location,

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 14 of 49   Page ID
#:2148
Case 2:11-cv-06594-MRP -JEM   Document 68   Filed 05/15/12   Page 14 of 22   Page ID
#:729

1    has been destroyed.  Notwithstanding the foregoing, counsel for each party may
2    retain all pleadings, briefs, memoranda, motions, and other documents filed with
3    the Court that refer to or incorporate Confidential Information, and will continue to
4    be bound by this Order with respect to all such retained information.  Further,
5    attorney work product materials that contain Confidential Information need not be
6    destroyed, but, if they are not destroyed, the person in possession of the attorney
7    work product will continue to be bound by this Order with respect to all such
8    retained information.

9        26.    The restrictions and obligations set forth herein shall not apply to any
10   information that:  (a) the parties agree should not be designated Confidential
11   Information; (b) the parties agree, or the Court rules, is already public knowledge;
12   (c) the parties agree, or the Court rules, has become public knowledge other than as
13   a result of disclosure by the receiving party, its employees, or its agents in violation
14   of this Order; or (d) has come or shall come into the receiving party's legitimate
15   knowledge independently of the production by the designating party.  Prior
16   knowledge must be established by pre-production documentation.

17       27.    The restrictions and obligations herein shall not be deemed to prohibit
18   discussions of any Confidential Information with anyone if that person already has
19   or obtains legitimate possession thereof.

20       28.    Confidential Information disclosed pursuant to this Order shall be used
21   by a receiving party solely for the purposes of these Actions.  Confidential
22   Information disclosed pursuant to this Order shall not be used for any business or
23   competitive purposes.  It shall be the duty of each party and each individual having
24   notice of this Order to comply with its terms from the time of such notice.

25       29.    In the event that counsel for a party deems it necessary to disclose any
26   Confidential Information to any person not contemplated in the preceding
27   Paragraphs, said counsel shall make a request to counsel for the producing party in
28   writing or on the record in a deposition or proceeding before the Court of the

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

12

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 15 of 49  Page ID
#:2148
Case 2:11-cv-06594-MRP-JEM  Document 68  Filed 05/15/12  Page 15 of 22  Page ID
#:730

1    Confidential Information sought to be disclosed, and shall attempt to reach

2    agreement regarding such disclosure. Nothing in this Order shall prevent disclosure

3    of such Confidential Information if the producing party consents, or if the Court,

4    after notice to all parties, orders such disclosure. If agreement cannot be reached,

5    the party seeking to make the disclosure shall move the Court, pursuant to Local

6    Rule 37, to rule as to whether such disclosure may be made and whether any

7    restrictions or limitations should be placed on such disclosure. No disclosure shall

8    be made until such motion is decided in favor of the movant.

9        30.    In the event that a new party is added, substituted or brought in, this

10    Order will be binding on and inure to the benefit of the new party, subject to the

11    right of the new party to seek relief from or modification of this Order.

12        31.    Non-parties who produce information in these Actions may avail

13    themselves of the provisions of this Order by agreeing to be bound by its terms.

14        32.    In the event that a producing party's Confidential Information is

15    sought from a receiving party by any person not a party to any of these Actions, by

16    subpoena, by service with any legal process, by order or otherwise, prompt written

17    notice shall be given to the party who produced the Confidential Information. Such

18    notice shall include a copy of such subpoena, legal process or order. The producing

19    party shall have ten (10) days from receipt of notice to object. Nothing in this

20    Order shall be construed as authorizing a party to disobey a lawful subpoena issued

21    in another action. Nothing in this Order shall be construed as requiring anyone

22    covered by this Order to contest a subpoena or other process, to appeal any order

23    requiring production of Confidential Information covered by this Order or to

24    subject itself to penalties for non-compliance with any subpoena, legal process or

25    order. Any persons seeking such Confidential Information who take action to

26    enforce such subpoena or other legal process shall be apprised of this Order.

27        33.    Transmission by facsimile and/or e-mail is acceptable for all

28    notification purposes herein.

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 16 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68   Filed 05/15/12   Page 16 of 22   Page ID
#:731
#:2168

1    34.    This Order may be modified by agreement of the parties, subject to

2    approval by the Court.

3          The Court may modify the terms and conditions of this Order for good

4    cause, or in the interest of justice, or on its own order at any time in these

5    proceedings.  The parties prefer that the Court provide them with notice of the

6    Court's intent to modify this Order and the content of those modifications, prior to

7    entry of such an order.

8

9    DATED: May 15, 2012          **DURIE TANGRI LLP**

10

11                                By:  */s/ Daralyn J. Durie*
                                       Daralyn J. Durie
12

13                                **PAUL, WEISS, RIFKIND, WHARTON
                                  & GARRISON LLP**
14

15                                By:  */s/ Kenneth A. Gallo*
                                       Kenneth A. Gallo
16

17                                Attorneys for GENENTECH, INC. and
                                  CITY OF HOPE
18

19                                **MAYER BROWN LLP**

20

21                                By:  */s/ Lisa M. Ferri*
                                       Lisa M. Ferri
22

23                                Attorneys for GLAXO GROUP LIMITED
                                  and GLAXOSMITHKLINE LLC
24

25                                **SIMPSON THACHER & BARTLETT
                                  LLP**

26

27                                By:  */s/ Henry B. Gutman*
                                       Henry B. Gutman
28

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 17 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68   Filed 05/15/12   Page 17 of 22   Page ID
#:732

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for HUMAN GENOME
SCIENCES, INC.

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 18 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68   Filed 05/15/12   Page 18 of 22   Page ID
#:733

# EXHIBIT A

Case 2:11-cv-06519-MRP-JEM Document 114 Filed 05/17/12 Page 19 of 49 Page ID
#:2146
Case 2:11-cv-06594-MRP -JEM Document 68 Filed 05/15/12 Page 19 of 22 Page ID
#:734

1  **DURIE TANGRI LLP**
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   MARK A. LEMLEY (SBN 155830)
3  mlemley@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA 94111
   Telephone: (415) 362-6666
5  Facsimile: (415) 236-6300

6  **PAUL, WEISS, RIFKIND,**
   **WHARTON & GARRISON LLP**
7  KENNETH A. GALLO (*pro hac vice*)
   kgallo@paulweiss.com
8  2001 K. Street,. NW
   Washington, DC 20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
10

11 ERIC ALAN STONE (*pro hac vice*)
   estone@paulweiss.com
   1285 Avenue of the Americas
12 New York, NY 10019-6064
   Telephone: (212) 373-3000
13 Facsimile: (212) 757-3990

14 Attorneys for GENENTECH, INC. and CITY OF
   HOPE
15
   *COUNSEL CONTINUED ON NEXT PAGE*
16

17          **UNITED STATES DISTRICT COURT**

18          **CENTRAL DISTRICT OF CALIFORNIA**

19                  **WESTERN DIVISION**

20

21 | GENENTECH, INC. and CITY OF | Case No. 11-CV-03065 MRP (JEMx)
22 | HOPE, |
   | | **"EXHIBIT A" TO STIPULATED**
23 |                Plaintiffs, | **PROTECTIVE ORDER;**
   |        v. |
24 | | **AGREEMENT TO BE BOUND BY**
   | GLAXO GROUP·LIMITED, | **PROTECTIVE ORDER**
25 | GLAXOSMITHKLINE LLC, and |
   | HUMAN GENOME SCIENCES, INC., |
26 | | Judge: Hon. Mariana R. Pfaelzer
   |                Defendants. | Ctrm:  12
27

28
   _____
            AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
          Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 20 of 49  Page ID
Case 2:11-cv-06594-MRP -JEM  Document 68  Filed 05/15/12  Page 20 of 22  Page ID
#:735

| | | |
|---|---|---|
| 1 | HUMAN GENOME SCIENCES, INC., | |
| 2 | Plaintiff, | Case No. 11-CV-06519 MRP (JEMx) |
| 3 | v. | |
| 4 | GENENTECH, INC. and CITY OF HOPE, | |
| 5 | Defendants. | |
| 6 | | |
| 7 | HUMAN GENOME SCIENCES, INC., | |
| 8 | Plaintiff, | Case No. 11-CV-06594 MRP (JEMx) |
| 9 | v. | |
| 10 | GENENTECH, INC., and CITY OF | |
| 11 | HOPE, | |
| 12 | Defendants. | |

13  **SIMPSON THACHER & BARTLETT LLP**
    HENRY B. GUTMAN (*pro hac vice*)
14  hgutman@stblaw.com
    NOAH M. LEIBOWITZ (*pro hac vice*)
15  nleibowitz@stblaw.com
16  425 Lexington Avenue
17  New York, NY 10017-3954
    Telephone: (212) 455-2000
18  Facsimile: (212) 455-2502

19  HARRISON J. FRAHN IV (#206844)
    hfrahn@stblaw.com
20  2550 Hanover Street
    Palo Alto, CA 94303
21  Telephone: (650) 251-5000
    Facsimile: (650) 251-5002
22
    Attorneys for HUMAN GENOME
23  SCIENCES, INC.

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY 10019-5820
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

Attorneys for GLAXO GROUP
LIMITED and
GLAXOSMITHKLINE LLC

24

25

26

27

28

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 21 of 49  Page ID
#:2148
Case 2:11-cv-06594-MRP -JEM  Document 68  Filed 05/15/12  Page 21 of 22  Page ID
#:736

1    I, _____, declare and say that:

2    1. I am employed as

3    _____ by

4    _____

5

6    _____.

7    2. I have read the Protective Order entered in the above-captioned matters and
        have received a copy of the Protective Order.

8    3. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY
9       CONFIDENTIAL" information, as defined in the Protective Order, given to
10      me only in a manner authorized by the Protective Order, and only to assist
11      counsel in the litigation of these matters.

12   4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or
13      "HIGHLY CONFIDENTIAL" information with anyone other than the
14      persons described in Paragraphs 3, 8 and 9 of the Protective Order.

15   5. I acknowledge that, by signing this agreement, I am subjecting myself to the
16      jurisdiction of the United States District Court for the Central District of
17      California with respect to enforcement of the Protective Order.

18   6. I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY
19      CONFIDENTIAL" information in any manner contrary to the provisions of
20      the Protective Order may subject me to sanctions for contempt of court.

21

22   I declare under penalty of perjury that the foregoing is true and correct.

23   Date: _____

24

25

26                                         _____

27

28

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 22 of 49  Page ID
Case 2:11-cv-06594-MRP -JEM  Document 68  Filed 05/15/12  Page 22 of 22  Page ID
#:737

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on May 15, 2012 with a
copy of this document via the Court's CM/ECF system.


_/s/ Daralyn J. Durie_
DARALYN J. DURIE

Case 2:11-cv-06519-MRP-JEM Document 114 Filed 05/17/12 Page 23 of 49 Page ID
Case 2:11-cv-06594-MRP-JEM Document 88-1 Filed 05/15/12 Page 1 of 4 Page ID
#:738

1 | **DURIE TANGRI LLP**
DARALYN J. DURIE (SBN 169825)
2 | ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
3 | mlemley@durietangri.com
217 Leidesdorff Street
4 | San Francisco, CA 94111
Telephone: (415) 362-6666
5 | Facsimile: (415) 236-6300

6 | **PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
7 | KENNETH A. GALLO (*pro hac vice*)
kgallo@paulweiss.com
8 | 2001 K. Street,. NW
Washington, DC 20006
9 | Telephone: (202) 223-7300
Facsimile: (202) 223-7420

10 |

11 | ERIC ALAN STONE (*pro hac vice*)
estone@paulweiss.com
12 | 1285 Avenue of the Americas
New York, NY 10019-6064
13 | Telephone: (212) 373-3000
Facsimile: (212) 757-3990

14 | Attorneys for GENENTECH, INC. and CITY OF
HOPE

15 |

16 | *COUNSEL CONTINUED ON NEXT PAGE*

17 |

18 | **UNITED STATES DISTRICT COURT**

19 | **CENTRAL DISTRICT OF CALIFORNIA**

20 | **WESTERN DIVISION**

21 |

22 |

23 | GENENTECH, INC. and CITY OF HOPE,  |  Case No. 11-CV-03065 MRP (JEMx)

24 | Plaintiffs, | **[PROPOSED] ORDER ON**
**STIPULATED PROTECTIVE**
25 | v. | **ORDER**

26 | GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and | Judge: Hon. Mariana R. Pfaelzer
Ctrm: 12
27 | HUMAN GENOME SCIENCES, INC.,

28 | Defendants.

---

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 24 of 49   Page ID
#:2151
Case 2:11-cv-06594-MRP -JEM   Document 68-1   Filed 05/15/12   Page 2 of 4   Page ID
#:739

| | |
|---|---|
| HUMAN GENOME SCIENCES, INC., | |
| Plaintiff, | Case No. 11-CV-06519 MRP (JEMx) |
| v. | |
| GENENTECH, INC. and CITY OF HOPE, | |
| Defendants. | |
| HUMAN GENOME SCIENCES, INC., | |
| Plaintiff, | Case No. 11-CV-06594 MRP (JEMx) |
| v. | |
| GENENTECH, INC., and CITY OF HOPE, | |
| Defendants. | |

**SIMPSON THACHER & BARTLETT LLP**
HENRY B. GUTMAN (*pro hac vice*)
hgutman@stblaw.com
NOAH M. LEIBOWITZ (*pro hac vice*)
nleibowitz@stblaw.com
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

HARRISON J. FRAHN IV (#206844)
hfrahn@stblaw.com
2550 Hanover Street
Palo Alto, CA 94303
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

Attorneys for HUMAN GENOME SCIENCES, INC.

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile:   (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY 10019-5820
Telephone:   (212) 506-2500
Facsimile:   (212) 262-1910

Attorneys for GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 25 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68-1   Filed 05/15/12   Page 3 of 4   Page ID
#:740

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ORDER

The parties having entered into a Stipulated Protective Order providing the terms and conditions for the confidentiality of all information, documents and other items subject to discovery in this action, a copy of which is attached hereto as Exhibit A, and for GOOD CASE SHOWN,

IT IS SO ORDERED this _17_ day of May, 2012.

Honorable Mariana R. Pfaelzer
United States District Court Judge

---

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 26 of 49   Page ID
#:2153
Case 2:11-cv-06594-MRP -JEM   Document 68-1   Filed 05/15/12   Page 4 of 4   Page ID
#:741

1

## CERTIFICATE OF SERVICE

2      I certify that all counsel of record is being served on May 15, 2012 with a

3  copy of this document via the Court's CM/ECF system.

4

5

6                                                      */s/ Daralyn J. Durie*
                                             DARALYN J. DURIE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 27 of 49   Page ID
#:2154
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 1 of 23   Page ID
#:742

# EXHIBIT A

1   **DURIE TANGRI LLP**
    DARALYN J. DURIE (SBN 169825)
2   ddurie@durietangri.com
    MARK A. LEMLEY (SBN 155830)
3   mlemley@durietangri.com
    217 Leidesdorff Street
4   San Francisco, CA 94111
    Telephone: (415) 362-6666
5   Facsimile: (415) 236-6300

6   **PAUL, WEISS, RIFKIND,**
    **WHARTON & GARRISON LLP**
7   KENNETH A. GALLO (*pro hac vice*)
    kgallo@paulweiss.com
8   2001 K. Street,. NW
    Washington, DC 20006
9   Telephone: (202) 223-7300
    Facsimile: (202) 223-7420
10
    ERIC ALAN STONE (*pro hac vice*)
11  estone@paulweiss.com
    1285 Avenue of the Americas
12  New York, NY 10019-6064
    Telephone: (212) 373-3000
13  Facsimile: (212) 757-3990

14  Attorneys for GENENTECH, INC. and CITY OF
    HOPE
15
    *COUNSEL CONTINUED ON NEXT PAGE*
16

17
                    **UNITED STATES DISTRICT COURT**
18
                    **CENTRAL DISTRICT OF CALIFORNIA**
19
                         **WESTERN DIVISION**
20

21

22  | | |
    |---|---|
23  | GENENTECH, INC. and CITY OF HOPE, | Case No. 11-CV-03065 MRP (JEMx) |
    | | |
24  | Plaintiffs, | **[PROPOSED] STIPULATED PROECTIVE ORDER** |
25  | v. | |
    | | Judge: Hon. Mariana R. Pfaelzer |
26  | GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and | Ctrm: 12 |
27  | HUMAN GENOME SCIENCES, INC., | |
    | Defendants. | |
28

---

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 29 of 49   Page ID
#:2156
Case 2:11-cv-06594-MRP -JEM   Document 88-2   Filed 05/15/12   Page 3 of 23   Page ID
#:744

| | | |
|---|---|---|
| 1 | HUMAN GENOME SCIENCES, INC., | |
| 2 | Plaintiff, | Case No. 11-CV-06519 MRP (JEMx) |
| 3 | v. | |
| 4 | GENENTECH, INC. and CITY OF HOPE, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | HUMAN GENOME SCIENCES, INC., | |
| 8 | Plaintiff, | Case No. 11-CV-06594 MRP (JEMx) |
| 9 | v. | |
| 10 | GENENTECH, INC., and CITY OF HOPE, | |
| 11 | | |
| 12 | Defendants. | |

13  **SIMPSON THACHER & BARTLETT LLP**
14  HENRY B. GUTMAN (*pro hac vice*)
    hgutman@stblaw.com
15  NOAH M. LEIBOWITZ (*pro hac vice*)
16  nleibowitz@stblaw.com
    425 Lexington Avenue
17  New York, NY 10017-3954
    Telephone: (212) 455-2000
18  Facsimile: (212) 455-2502
19  HARRISON J. FRAHN IV (#206844)
    hfrahn@stblaw.com
20  2550 Hanover Street
    Palo Alto, CA 94303
21  Telephone: (650) 251-5000
    Facsimile: (650) 251-5002
22
    Attorneys for HUMAN GENOME
23  SCIENCES, INC.
24
25
26
27
28

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

Attorneys for GLAXO GROUP LIMITED and
GLAXOSMITHKLINE LLC

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 30 of 49   Page ID
#:2157
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 4 of 23   Page ID
#:745

1         The Court recognizes that at least some of the documents and

2  information ("materials") being sought through discovery in the above-captioned

3  actions ("Actions") are not publicly available and, for competitive reasons,

4  normally kept confidential by the parties.  The parties have agreed to be bound by

5  the terms of this Protective Order ("Order") in these actions.

6         The materials to be exchanged throughout the course of the litigation

7  between the parties may contain trade secret or other confidential research,

8  technical, cost, price, marketing or other commercial information, as is contemplated

9  by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to

10  protect the confidentiality of such materials as much as practical during the

11  litigation.  THEREFORE:

12

### DEFINITIONS

13     1.    The term "Confidential Information" shall mean and include

14  information contained or disclosed in any materials, including documents, portions

15  of documents, answers to interrogatories, responses to requests for admissions,

16  deposition testimony, and transcripts of depositions, including data, summaries, and

17  compilations derived therefrom that is deemed to be Confidential or Highly

18  Confidential by any party or non-party to which it belongs.  For the avoidance of

19  doubt, the Confidential and Highly Confidential information of a non-party

20  produced in these Actions shall be afforded the same degree of protection from

21  disclosure as the Confidential and Highly Confidential information of the parties to

22  these Actions.  Each party or non-party shall act in good faith, showing good cause,

23  in designating such information as Confidential or Highly Confidential.

24     2.    The term "materials" shall include, but shall not be limited to:

25  documents; correspondence; memoranda; bulletins; blueprints; protocols; data

26  compilations; patent applications; specifications; customer lists or other materials

27  that identify customers or potential customers; price lists or schedules or other

28  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 31 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 5 of 23   Page ID
#:746

1    contracts; invoices; drafts; books of account; worksheets; notes of conversations;

2    desk diaries; appointment books; expense accounts; recordings; photographs;

3    motion pictures; compilations from which information can be obtained and

4    translated into reasonably usable form through detection devices; sketches;

5    drawings; notes (including laboratory notebooks and records); reports; instructions;

6    disclosures; other writings; presentations; business practices; models and prototypes

7    and other physical objects.

8         3.    The term "counsel" shall mean outside counsel of record, and other

9    attorneys, paralegals, secretaries, and other support staff employed by the law firms

10   identified below or other persons hired or used by these firms for purpose of the

11   preparation and trial of these Actions, such as discovery vendors, mock jurors, and

12   trial and jury consultants:

13         Paul, Weiss, Rifkind, Wharton & Garrison LLP and Durie Tangri LLP,

14   counsel for Genentech, Inc. and City of Hope;

15         Mayer Brown LLP, counsel for GlaxoSmithKline LLC and Glaxo

16   Group Limited; and

17         Simpson Thacher & Bartlett LLP, counsel for Human Genome

18   Sciences, Inc.

19         "Counsel" also includes in-house litigation team members as follows:

20         Gregory Schetina and an attorney to-be-designated at a later date, in-

21   house attorneys for City of Hope, and their associated paralegals, secretaries, and

22   other support staff;

23         Laura Storto, Jeffrey Butler, in-house attorneys, and up to one

24   additional in-house attorney to be identified at a later date for Genentech, Inc. and

25   their associated paralegals, secretaries, and other support staff;

26         Charles Kinzig, Mark Rachlin, in-house attorneys, and up to one

27   additional in-house attorney to be identified at a later date for

28

1   GlaxoSmithKline LLC and Glaxo Group Limited and their associated paralegals,

2   secretaries, and other support staff; and

3          Up to three in-house attorneys to be identified at a later date for

4   Human Genome Sciences, Inc. and their associated paralegals, secretaries, and

5   other support staff.

6          Notwithstanding the foregoing, during the pendency of these Actions

7   and for two (2) years following the exhaustion of all appeals thereof, the above-

8   identified in-house litigation team members shall not be involved in any of the

9   following activities:

10         (a)    competitive business decisions regarding the pricing or

11                marketing of present or future anti-BLyS antibody products (this

12                category does not include supervising litigation regarding the

13                same); or

14         (b)    preparation, prosecution, or appeal in the prosecution of any

15                foreign or domestic patent application related to methods of

16                manufacturing, purifying, or formulating monoclonal antibodies

17                (other than involvement in any reexamination, opposition, or

18                similar post-issuance proceedings (but not a reissue examination

19                within the first two years following any patent's issue date)

20                concerning U.S. Patent No. 6,331,415, U.S. Patent

21                No. 7,923,221, and their related patents and patent applications)

22                (the "Patent Prosecution Activities").

23         To clarify the meaning of "involved" as used in this Paragraph 3, no

24   party will contend that the in-house counsel designated under this Paragraph 3 are

25   "involved" in the Patent Prosecution Activities by virtue of their having formal

26   supervisory responsibility over other in-house counsel or patent agents involved in

27   the Patent Prosecution Activities, unless the in-house counsel designated under this

28   Paragraph 3 in fact exercise that responsibility to direct the preparation or

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

1    prosecution of specific patent applications relating to the Patent Prosecution

2    Activities. Furthermore, no party will contend that in-house counsel is "involved"

3    in competitive business decisions by virtue of receiving reports or attending

4    executive management meetings.

5        The parties may, as necessary, substitute on a one-for-one basis other

6    in-house litigation team members meeting the above criteria for the above-listed

7    individuals, provided that the substituting party give the other parties seven (7)

8    business days notice prior to said substitution.

9                    **GENERAL RULES**

10      4.      Each party, including non-parties, that produces or discloses any

11    materials, answers to interrogatories, responses to requests for admission, trial

12    testimony, deposition testimony, and transcripts of trial testimony and depositions,

13    or information that the producing party believes should be subject to this Protective

14    Order may designate the same as "CONFIDENTIAL" or "HIGHLY

15    CONFIDENTIAL."

16         a.      Designation as "CONFIDENTIAL": Any party, including non-

17               parties, may designate information as "CONFIDENTIAL" only

18               if, in the good faith belief of such party or non-party and its

19               counsel, the unrestricted disclosure of such information could be

20               potentially harmful to the business or operations of such party.

21         b.      Designation as "HIGHLY CONFIDENTIAL": Any party or

22               non-party may designate information as "HIGHLY

23               CONFIDENTIAL" only if, in the good faith belief of such party

24               or non-party and its counsel, the information is among that

25               considered to be most sensitive by the party, including but not

26               limited to trade secrets or other highly sensitive research,

27               development, financial, strategic, or other commercial

28

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 34 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 8 of 23   Page ID
#:749

1           information, the unrestricted disclosure of which could be

2           potentially harmful to the business or operations of such party.

3     5.    In the event the producing party elects to produce materials for

4 inspection, no marking need be made by the producing party in advance of the

5 initial inspection. For purposes of the initial inspection, all materials produced shall

6 be considered as "HIGHLY CONFIDENTIAL," and shall be treated as such

7 pursuant to the terms of this Order. Thereafter, upon selection of specified

8 materials for copying by the inspecting party, the producing party shall, within a

9 reasonable time prior to producing those materials to the inspecting party, mark the

10 copies of those materials that contain Confidential Information with the appropriate

11 confidentiality marking.

12     6.    Whenever a deposition taken on behalf of any party involves a

13 disclosure of Confidential Information of any party:

14         a.    said deposition or portions thereof shall be designated as

15             containing Confidential Information subject to the provisions of

16             this Order; such designation shall be made on the record

17             whenever possible, but a party may designate portions of

18             depositions as containing Confidential Information after

19             transcription of the proceedings; a party shall have until twenty

20             (20) days after receipt of the deposition transcript to inform the

21             other party or parties to these Actions of the portions of the

22             transcript designated "CONFIDENTIAL" or "HIGHLY

23             CONFIDENTIAL;"

24         b.    the producing party shall have the right to exclude from

25             attendance at said deposition, during such time as the

26             Confidential Information is to be disclosed, any person other

27             than the deponent, counsel (including their staff and associates),

28

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 35 of 49   Page ID
#:2162
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 9 of 23   Page ID
#:750

1      the court reporter, and the person(s) agreed upon pursuant to

2      Paragraph 8 below; and

3      c.    the originals of said deposition transcripts and all copies thereof

4            shall bear the legend "CONFIDENTIAL" or "HIGHLY

5            CONFIDENTIAL" as appropriate, and the original or any copy

6            ultimately presented to a court for filing shall not be filed unless

7            it can be accomplished under seal, identified as being subject to

8            this Order, and protected from being opened except by order of

9            this Court.

10     7.    All Confidential Information designated as "CONFIDENTIAL" or

11  "HIGHLY CONFIDENTIAL" shall not be disclosed by the receiving party to

12  anyone other than those persons designated herein and shall be handled in the

13  manner set forth below and, in any event, shall not be used for any purpose other

14  than in connection with these Actions, unless and until such designation is removed

15  either by agreement of the parties, or by order of the Court.

16     8.    Information designated "HIGHLY CONFIDENTIAL" shall be viewed

17  only by Counsel (as defined in Paragraph 3) of the receiving party, and by

18  independent experts under the conditions set forth in this Paragraph.  The right of

19  any independent expert to receive any Confidential Information shall be subject to

20  the advance approval of such expert by the producing party or by permission of the

21  Court.  The party seeking approval of an independent expert shall provide the

22  producing party with the name and curriculum vitae of the proposed independent

23  expert, and an executed copy of the form attached hereto as Exhibit A, in advance

24  of providing any Confidential Information of the producing party to the expert.

25  Any objection by the producing party to an independent expert receiving

26  Confidential Information must be made in writing within ten (10) days following

27  receipt of the identification of the proposed expert.  Confidential Information may

28  be disclosed to an independent expert if the ten (10) day period has passed and no

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 36 of 49   Page ID
#:2163
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 10 of 23   Page ID
#:751

1   objection has been made.  The approval of independent experts shall not be

2   unreasonably withheld.

3        9.    Information designated "CONFIDENTIAL" shall be viewed only by

4   Counsel (as defined in Paragraph 3) of the receiving party, by independent experts

5   (pursuant to the terms of Paragraph 8), up to two attorneys to-be-designated at a

6   later date for Genentech, Inc., up to two attorneys to-be-designated at a later date

7   for City of Hope, William Han and Andrea Lockenour for GlaxoSmithKline and

8   Glaxo Group Limited, up to two attorneys to-be-designated at a later date for

9   Human Genome Sciences, Inc., and by the additional individuals listed below,

10   provided each such individual has read this Order in advance of disclosure and has

11   agreed in writing to be bound by its terms:

12            a.    Executives who are required to participate in policy decisions

13                with reference to these actions;

14            b.    Technical personnel of the parties with whom Counsel for the

15                parties find it necessary to consult, in the discretion of such

16                Counsel, in preparation for trial of these actions; and

17            c.    Stenographic and clerical employees associated with the

18                individuals identified above.

19       10.    With respect to material designated "CONFIDENTIAL" or "HIGHLY

20   CONFIDENTIAL" any person indicated on the face of the document to be its

21   originator, author or a recipient of a copy thereof, may be shown the same.

22       11.    A document that contains or reveals Confidential Information may be

23   copied by an independent commercial copying service, and an exhibit based upon

24   such a document may be prepared by an independent printer or illustrator.

25       12.    Confidential Information may be disclosed to official court personnel,

26   stenographic  reporters,  videographers  and  their  respective  assistants  who  are

27   engaged in such proceedings as are necessary for the preparation and trial of these

28   Actions.

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 37 of 49   Page ID
#:2164
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 11 of 23   Page ID
#:752

1      13.    All information which has been designated as "CONFIDENTIAL" or

2  "HIGHLY CONFIDENTIAL" by the producing party, and any and all

3  reproductions thereof, shall be retained in the custody of the counsel for the

4  receiving party identified in Paragraph 3, except that independent experts

5  authorized to view such information under the terms of this Order may retain

6  custody of copies such as are necessary for their participation in these Actions.

7      14.    Before any materials produced in discovery, answers to

8  interrogatories, responses to requests for admissions, deposition transcripts, or other

9  documents which are designated as Confidential Information are filed with the

10  Court for any purpose, the party seeking to file such material shall seek permission

11  of the Court to file said material under seal.  The parties will follow and abide by

12  applicable law, including relevant local rules, with respect to filing documents

13  under seal in this Court.

14      15.    Any party may reasonably request, in writing, that a party filing or

15  serving a paper in these actions, such as an expert report, dispositive motion,

16  discovery motion, or similar paper, that is marked as CONFIDENTIAL and/or

17  HIGHLY CONFIDENTIAL shall produce to the other side a redacted copy of such

18  paper, removing the Confidential Information, for use solely for the purposes of

19  these litigations.  Such redacted copy shall be provided within five (5) calendar

20  days of such request or otherwise at a date agreed upon by the parties.

21      16.    At any stage of these proceedings, any party may object to a

22  designation of specific materials as Confidential Information.  The party objecting

23  to confidentiality shall notify, in writing, counsel for the designating party of the

24  objected-to materials and the grounds for the objection.  In accordance with

25  L.R. 37-1, the parties shall meet and confer in an attempt to resolve their dispute

26  without involving the Court.  If the parties are unable to resolve their dispute on

27  their own, they may seek the Court's involvement pursuant to L.R. 37-2.  The

28  materials at issue shall be treated as Confidential Information, as designated by the

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 38 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 12 of 23   Page ID
#:753

1    designating party, until the Court has ruled on the matter or the matter has been

2    otherwise resolved.

3         17.   All Confidential Information shall be held in confidence by those

4    inspecting or receiving it, and shall be used only for purposes of these Actions.

5    Counsel for each party, and each person receiving Confidential Information shall

6    take reasonable precautions to prevent the unauthorized or inadvertent disclosure of

7    such information. If Confidential Information is disclosed to any person other than

8    a person authorized by this Order, the party responsible for the unauthorized

9    disclosure must immediately bring all pertinent facts relating to the unauthorized

10   disclosure to the attention of the other parties and, without prejudice to any rights

11   and remedies of the other parties, make every effort to prevent further disclosure by

12   the party and by the person(s) receiving the unauthorized disclosure.

13        18.   No party shall be responsible to another party for disclosure of

14   Confidential Information under this Order if the information in question is not

15   labeled or otherwise identified as such in accordance with this Order.

16        19.   If a party, through inadvertence, produces any Confidential

17   Information without labeling or marking or otherwise designating it as such in

18   accordance with this Order, the designating party may give written notice to the

19   receiving party that the document or thing produced is deemed Confidential

20   Information, and that the document or thing produced should be treated as such in

21   accordance with that designation under this Order. The receiving party must treat

22   the materials as confidential, once the designating party so notifies the receiving

23   party. If the receiving party has disclosed the materials before receiving the

24   designation, the receiving party must notify the designating party in writing of each

25   such disclosure. Counsel for the parties shall agree on a mutually acceptable

26   manner of labeling or marking the inadvertently produced materials such as

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

28

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 39 of 49   Page ID
#:2166
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 13 of 23   Page ID
#:754

1      20.    Nothing herein shall prejudice the right of any party to object to the

2  production of any discovery material on the grounds that the material is protected as

3  privileged or as attorney work product. An inadvertent production of any document

4  that a producing party believes is immune from discovery pursuant to any attorney-

5  client privilege, attorney work product immunity or any other privilege or immunity

6  from production, shall not be deemed a waiver. The producing party may give

7  written notice to all receiving parties that the document or information inadvertently

8  produced is privileged or otherwise protected. Within ten (10) days of receipt of

9  such written notice, all receiving parties shall immediately comply with Federal

10  Rule of Civil Procedure 26(b)(5)(B) by returning or destroying the original and all

11  copies of the information, making their best efforts to destroy those portions of

12  summaries or notes pertaining to the information identified as privileged and taking

13  reasonable steps to retrieve the information if the party disclosed it before being

14  notified except, however, that a party seeking to challenge the claim of privilege or

15  protection may retain a single copy of the disputed information solely for the

16  purpose of making that challenge. If the Court denies the challenge, the party

17  making the challenge has ten (10) days from receipt of the Order denying the

18  challenge to comply with Federal Rule of Civil Procedure 26(b)(5)(B) by returning

19  or destroying the copy of the disputed information retained for the purpose of

20  making the challenge. If a receiving party wishes to challenge the claim of

21  privilege or protection, no later than twenty (20) days from receiving the notice, it

22  must initiate the process to move pursuant to Local Rule 37 to present the

23  information, under seal, to the Court for a determination of the claim. The receiving

24  party shall not rely upon the fact or circumstances of the production of the

25  information in challenging the claim of privilege or protection. No person or party

26  shall incur any liability hereunder for any disclosure or filing of inadvertently

27  disclosed documents when the disclosure occurred before receipt of notice of the

28  inadvertent disclosure.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 40 of 49  Page ID
Case 2:11-cv-06594-MRP -JEM  Document 88-2  Filed 05/15/12  Page 14 of 23  Page ID
#:755

21.     Nothing in this Order shall bar counsel from rendering advice to their clients with respect to these Actions and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

22.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

23.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.     Drafts of expert reports and notes or outlines for draft reports shall not be discoverable by any party and do not need to be identified on a privilege log. Communications between experts and counsel relating to the preparation of expert reports shall not be discoverable and do not need to be identified on a privilege log, except that any facts and/or documents provided to an expert, whether from counsel or any other source, and the source of those documents and/or information are discoverable.  The materials, communications and other information exempt from discovery under the foregoing sentences shall be treated as protected by the attorney-client privilege and/or attorney work product doctrine.

25.     Upon final termination of these Actions, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information (regardless of its format) to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Within sixty (60) days of the termination of these Actions, the receiving party shall certify in writing to the producing party that all confidential information, regardless of format or location,

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 41 of 49  Page ID
#:2168
Case 2:11-cv-06594-MRP -JEM · Document 68-2  Filed 05/15/12  Page 15 of 23  Page ID
#:756

1    has been destroyed.  Notwithstanding the foregoing, counsel for each party may

2    retain all pleadings, briefs, memoranda, motions, and other documents filed with

3    the Court that refer to or incorporate Confidential Information, and will continue to

4    be bound by this Order with respect to all such retained information.  Further,

5    attorney work product materials that contain Confidential Information need not be

6    destroyed, but, if they are not destroyed, the person in possession of the attorney

7    work product will continue to be bound by this Order with respect to all such

8    retained information.

9          26.    The restrictions and obligations set forth herein shall not apply to any

10   information that: (a) the parties agree should not be designated Confidential

11   Information; (b) the parties agree, or the Court rules, is already public knowledge;

12   (c) the parties agree, or the Court rules, has become public knowledge other than as

13   a result of disclosure by the receiving party, its employees, or its agents in violation

14   of this Order; or (d) has come or shall come into the receiving party's legitimate

15   knowledge independently of the production by the designating party.  Prior

16   knowledge must be established by pre-production documentation.

17         27.    The restrictions and obligations herein shall not be deemed to prohibit

18   discussions of any Confidential Information with anyone if that person already has

19   or obtains legitimate possession thereof.

20         28.    Confidential Information disclosed pursuant to this Order shall be used

21   by a receiving party solely for the purposes of these Actions.  Confidential

22   Information disclosed pursuant to this Order shall not be used for any business or

23   competitive purposes.  It shall be the duty of each party and each individual having

24   notice of this Order to comply with its terms from the time of such notice.

25         29.    In the event that counsel for a party deems it necessary to disclose any

26   Confidential Information to any person not contemplated in the preceding

27   Paragraphs, said counsel shall make a request to counsel for the producing party in

28   writing or on the record in a deposition or proceeding before the Court of the

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

12

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 42 of 49   Page ID
#:2169
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 16 of 23   Page ID
#:757

1   Confidential Information sought to be disclosed, and shall attempt to reach

2   agreement regarding such disclosure. Nothing in this Order shall prevent disclosure

3   of such Confidential Information if the producing party consents, or if the Court,

4   after notice to all parties, orders such disclosure.  If agreement cannot be reached,

5   the party seeking to make the disclosure shall move the Court, pursuant to Local

6   Rule 37, to rule as to whether such disclosure may be made and whether any

7   restrictions or limitations should be placed on such disclosure. No disclosure shall

8   be made until such motion is decided in favor of the movant.

9      30.   In the event that a new party is added, substituted or brought in, this

10   Order will be binding on and inure to the benefit of the new party, subject to the

11   right of the new party to seek relief from or modification of this Order.

12      31.   Non-parties who produce information in these Actions may avail

13   themselves of the provisions of this Order by agreeing to be bound by its terms.

14      32.   In the event that a producing party's Confidential Information is

15   sought from a receiving party by any person not a party to any of these Actions, by

16   subpoena, by service with any legal process, by order or otherwise, prompt written

17   notice shall be given to the party who produced the Confidential Information.  Such

18   notice shall include a copy of such subpoena, legal process or order.  The producing

19   party shall have ten (10) days from receipt of notice to object.  Nothing in this

20   Order shall be construed as authorizing a party to disobey a lawful subpoena issued

21   in another action.  Nothing in this Order shall be construed as requiring anyone

22   covered by this Order to contest a subpoena or other process, to appeal any order

23   requiring production of Confidential Information covered by this Order or to

24   subject itself to penalties for non-compliance with any subpoena, legal process or

25   order.  Any persons seeking such Confidential Information who take action to

26   enforce such subpoena or other legal process shall be apprised of this Order.

27      33.   Transmission by facsimile and/or e-mail is acceptable for all

28   notification purposes herein.

[PROPOSED] STIPULATED PROTECTIVE ORDER<br>
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 43 of 49  Page ID
Case 2:11-cv-06594-MRP -JEM  Document 68-2  Filed 05/15/12  Page 17 of 23  Page ID
#:758

34.     This Order may be modified by agreement of the parties, subject to approval by the Court.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such an order.

DATED:  May 15, 2012                    **DURIE TANGRI LLP**


By:  */s/ Daralyn J. Durie*
        Daralyn J. Durie

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  */s/ Kenneth A. Gallo*
        Kenneth A. Gallo

Attorneys for GENENTECH, INC. and CITY OF HOPE

**MAYER BROWN LLP**

By:  */s/ Lisa M. Ferri*
        Lisa M. Ferri

Attorneys for GLAXO GROUP LIMITED and GLAXOSMITHKLINE LLC

**SIMPSON THACHER & BARTLETT LLP**

By:  */s/ Henry B. Gutman*
        Henry B. Gutman

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

14

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 44 of 49   Page ID
#:2171
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 18 of 23   Page ID
#:759

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for HUMAN GENOME
SCIENCES, INC.

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 45 of 49   Page ID
#:2172
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 19 of 23   Page ID
#:760

# EXHIBIT A

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 46 of 49  Page ID
#:2473
Case 2:11-cv-06594-MRP-JEM  Document 63-2  Filed 05/15/12  Page 20 of 23  Page ID
#:761

1  **DURIE TANGRI LLP**
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   MARK A. LEMLEY (SBN 155830)
3  mlemley@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA 94111
   Telephone: (415) 362-6666
5  Facsimile: (415) 236-6300

6  **PAUL, WEISS, RIFKIND,**
   **WHARTON & GARRISON LLP**
7  KENNETH A. GALLO (*pro hac vice*)
   kgallo@paulweiss.com
8  2001 K. Street,. NW
   Washington, DC 20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
10
   ERIC ALAN STONE (*pro hac vice*)
11 estone@paulweiss.com
   1285 Avenue of the Americas
12 New York, NY 10019-6064
   Telephone: (212) 373-3000
13 Facsimile: (212) 757-3990

14 Attorneys for GENENTECH, INC. and CITY OF
   HOPE
15
   *COUNSEL CONTINUED ON NEXT PAGE*
16

17

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20                    WESTERN DIVISION

21

| | |
|---|---|
| GENENTECH, INC. and CITY OF HOPE, | Case No. 11-CV-03065 MRP (JEMx) |
| Plaintiffs, | **"EXHIBIT A" TO STIPULATED PROTECTIVE ORDER;** |
| v. | |
| GLAXO GROUP LIMITED, GLAXOSMITHKLINE LLC, and HUMAN GENOME SCIENCES, INC., | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| Defendants. | Judge: Hon. Mariana R. Pfaelzer |
| | Ctrm: 12 |

22
23
24
25
26
27
28

---

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM  Document 114  Filed 05/17/12  Page 47 of 49  Page ID
#:2174
Case 2:11-cv-06594-MRP -JEM  Document 68-2  Filed 05/15/12  Page 21 of 23  Page ID
#:762

|  |  |
|---|---|
| 1 | HUMAN GENOME SCIENCES, INC., |
| 2 | Plaintiff, |
| 3 | v. |
| 4 | GENENTECH, INC. and CITY OF HOPE, |
| 5 | Defendants. |
| 6 | |

Case No. 11-CV-06519 MRP (JEMx)

Case No. 11-CV-06594 MRP (JEMx)

1  HUMAN GENOME SCIENCES, INC.,

2  Plaintiff,

3  v.

4  GENENTECH, INC. and CITY OF HOPE,

5  Defendants.

6

7  HUMAN GENOME SCIENCES, INC.,

8  Plaintiff,

9  v.

10  GENENTECH, INC., and CITY OF HOPE,

11

12  Defendants.

13  **SIMPSON THACHER & BARTLETT LLP**
HENRY B. GUTMAN (*pro hac vice*)
14  hgutman@stblaw.com
NOAH M. LEIBOWITZ (*pro hac vice*)
15  nleibowitz@stblaw.com
16  425 Lexington Avenue
New York, NY 10017-3954
17  Telephone: (212) 455-2000
Facsimile: (212) 455-2502
18
HARRISON J. FRAHN IV (#206844)
19  hfrahn@stblaw.com
2550 Hanover Street
20  Palo Alto, CA 94303
Telephone: (650) 251-5000
21  Facsimile: (650) 251-5002
22
Attorneys for HUMAN GENOME
23  SCIENCES, INC.

**MAYER BROWN LLP**
ELIZABETH MANN
emann@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

LISA M. FERRI (*pro hac vice*)
LFerri@mayerbrown.com
BRIAN W. NOLAN (*pro hac vice*)
BNolan@mayerbrown.com
RICHARD J. MCCORMICK (*pro hac vice*)
RMccormick@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:  (212) 506-2500
Facsimile:   (212) 262-1910

Attorneys for GLAXO GROUP
LIMITED and
GLAXOSMITHKLINE LLC

24

25

26

27

28

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 48 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 85-2   Filed 05/15/12   Page 22 of 23   Page ID
#:763

1    I, _____, declare and say that:

2

3    1. I am employed as

3    _____ by

4    _____

5

6    _____.

6    2. I have read the Protective Order entered in the above-captioned matters and

7    have received a copy of the Protective Order.

8    3. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY

9    CONFIDENTIAL" information, as defined in the Protective Order, given to

10   me only in a manner authorized by the Protective Order, and only to assist

11   counsel in the litigation of these matters.

12   4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or

13   "HIGHLY CONFIDENTIAL" information with anyone other than the

14   persons described in Paragraphs 3, 8 and 9 of the Protective Order.

15   5. I acknowledge that, by signing this agreement, I am subjecting myself to the

16   jurisdiction of the United States District Court for the Central District of

17   California with respect to enforcement of the Protective Order.

18   6. I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL" information in any manner contrary to the provisions of

20   the Protective Order may subject me to sanctions for contempt of court.

21

22   I declare under penalty of perjury that the foregoing is true and correct.

23   Date: _____

24

25

26   _____

27

28

_____

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)

Case 2:11-cv-06519-MRP-JEM   Document 114   Filed 05/17/12   Page 49 of 49   Page ID
Case 2:11-cv-06594-MRP -JEM   Document 68-2   Filed 05/15/12   Page 23 of 23   Page ID
#:764

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on May 15, 2012 with a copy of this document via the Court's CM/ECF system.

_/s/ Daralyn J. Durie_
DARALYN J. DURIE

---

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
Case Nos. 11-CV-03065, 11-CV-06519, 11-CV-06594 MRP (JEMx)